Filed 9/14/22  P. v. Walker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VERNON ROBERT WALKER,<br><br>    Defendant and Appellant. | E077803<br><br>(Super. Ct. No.  FMB006290)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Kimberley J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Christopher P. Beesley and Tami F. Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Vernon Robert Walker appeals the trial court's postjudgment order denying his request to conduct a supplemental sentencing hearing to develop a record of mitigating circumstances for an eventual youthful offender parole hearing pursuant to Penal Code[1] 1203.01 and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*). The trial court found defendant was ineligible for a youthful offender parole hearing because he had been sentenced to a term of life without the possibility of parole (LWOP) and was statutorily ineligible. On appeal, defendant contends the trial court erred in denying his request for a supplemental hearing because the court misunderstood its scope of discretion when it found him ineligible. For reasons explained, we affirm the trial court's denial of a *Franklin*[2] hearing. However, defendant's counsel may file with the clerk of the court a statement of their views concerning mitigating circumstances relating to defendant and the crimes for which he was convicted for an eventual offender parole hearing pursuant to section 1203.01.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] *People v. Franklin* (2016) 63 Cal.4th 26 (*Franklin*).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

In 2003, defendant and his accomplice, Demetrius McClendon, killed two fellow Marines for 10 pounds of marijuana and torched the victims' car containing their bodies. (*Walker I*, *supra*, E038397.)  Defendant was 20 years old at the time he committed the offenses.

A jury convicted defendant of two counts of first degree murder (§ 187, subd. (a)) and one count of arson (§ 451, subd. (d)).  As to the murder offenses, the jury also found true a firearm enhancement (§ 12022.53, subd. (b)), as well as multiple special circumstances (§ 190.2 subd. (a)(3)) [multiple murder], (1) [financial gain], & (15) [lying in wait]) findings.  The trial court sentenced defendant to two consecutive indeterminate LWOP terms, plus an additional consecutive three years for the arson and 10 years for the firearm enhancement under section 12022.53, subdivision (b).

---

[3] Because the factual background is not relevant to the limited legal issue raised in this appeal, we will not recount those details with specificity.  The specific factual details of the crimes are found in defendant's prior direct appeal in *People v. Walker* (Sept. 22, 2006, E038397) [nonpub. opn.] (*Walker I*) [2006 WL 2709838].

On September 22, 2006, in a nonpublished opinion, this court struck the inapplicable parole revocation fine, but otherwise affirmed the judgment. (See *Walker I*, *supra*, E038397.)

In 2015, the Legislature enacted section 1170.91. That section allows a veteran who may be suffering from one of certain disorders as a result of his or her military service to obtain resentencing, so that the trial court can consider that disorder as a mitigating factor when choosing whether to impose a low, mid, or upper determinate sentencing term. The Legislature also permitted those convicted prior to the enactment of the statute to petition for resentencing under section 1170.91. The Legislature also enacted section 3051, which enables youthful offenders to reach parole eligibility earlier because of their youth.

In February 2020 and April and May 2021, defendant in propria persona filed petitions for resentencing pursuant to section 1170.91, and a request for a hearing in accordance with *Franklin*, *supra*, 63 Cal.4th 261 to make a record of mitigating circumstances of youth should he ever become eligible for a youth offender parole hearing.

On May 5, 2021, the trial court summarily denied the section 1170.91 petition, finding defendant was ineligible for resentencing under section 1170.91 because he "'was sentenced to an indeterminate term'" and section "'1170.91 only applies to determinate terms.'" (*People v. Walker* (Dec. 22, 2021, E077191) [nonpub. opn.] (*Walker II*).) After defendant appealed, we concurred with the trial court that section 1170.91 does not apply

4

to defendant's indeterminate terms, but found the court incorrectly concluded that section 1170.91 does not apply to defendant's determinate term for arson. (*Walker II*, *supra*, E077191.) We thus reversed and remanded the matter for the trial court to consider whether to resentence defendant under section 1170.91 on his arson conviction. (*Ibid*.) In all other respects, we affirmed the judgment. (*Ibid*.)

On August 27, 2021, the trial court denied defendant's request for a *Franklin* hearing noting as follows: "According to the Department of Corrections' website, Mr. Walker is sentenced to life without the possibility of parole. Under those circumstances, he's not eligible for youth offender parole, and his *Franklin* doesn't apply. [¶] . . . [¶] . . . So the request for a *Franklin* hearing is denied. The defendant is not eligible for the youth offender parole." Defendant timely appealed.

III.

DISCUSSION

Defendant argues the trial court erred in denying his request for a supplemental hearing to collect and preserve mitigating evidence tied to his youth at the time he committed his offenses for an eventual parole hearing because its ruling shows the court misunderstood the scope and nature of its discretion to order a supplemental sentencing proceeding pursuant to section 1203.01 and *Cook*, *supra*, 7 Cal.5th 439.

Section 1203.01 "provides that, postjudgment, the trial court may generate, collect, and transmit information about the defendant and the crime to the Department of Corrections and Rehabilitation." (*Cook*, *supra*, 7 Cal.5th at p. 447; see § 1203.01.)[4] Section 1203.01 thus allows a trial court to create a postjudgment record for the benefit of the Department of Corrections and Rehabilitation, and is the method by which offenders may supplement the record with information relevant to an eventual youth offender parole hearing. (*Cook*, *supra*, at pp. 453-454.)

"In *Cook*, the court held that a juvenile offender who is eligible for a youthful offender parole hearing but who was sentenced before the change in the law and thus was unable to provide the supplemental information contemplated in . . . *Franklin*[, *supra*,] 63 Cal.4th 261 . . . may file a motion pursuant to section 1203.01 requesting 'an evidence

---

[4] Section 1203.01, subdivision (a) specifically states: "(a) Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. . . . The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which they were convicted. Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered. The clerk shall also mail a copy of any statement submitted by the court, district attorney, or law enforcement agency, pursuant to this section, with postage prepaid, addressed to the attorney for the defendant, if any, and to the defendant, in care of the Department of Corrections and Rehabilitation, and a copy of any statement submitted by the attorney for the defendant, with postage prepaid, shall be mailed to the district attorney."

preservation proceeding as envisioned in *Franklin*.'[5] (*Cook*, *supra*, [7 Cal.5th] at pp. 452, 458-459.) The court explained that section 1203.01 authorizes the trial court to create a postjudgment record for the benefit of the Department of Corrections and Rehabilitation but does not require that 'statements by the judge and prosecutor should be filed "[i]mmediately after judgment has been pronounced."' (*Cook*, *supra*, at p. 453.) Indeed, as the court observed, "There is no indication . . . that the statute's requirement deprives the court of authority to act at a later time." (*Ibid*.) The court concluded, 'Penal Code section 1203.01, augmented by the court's inherent authority to craft necessary procedures under Code of Civil Procedure section 187,[6] authorizes it to preserve evidence as promptly as possible for future use by the Board [of Parole Hearings]. Transmission of that record to the Department of Corrections and Rehabilitation, in turn, enables the board to "discharge its obligation to 'give great weight to' youth-related factors [citation] in determining whether the offender is 'fit to rejoin society.'"' [Citation.]" (*People v. Crites* (2022) 77 Cal.App.5th 494, 497-498 (*Crites*), quoting *Cook*, *supra*, at p. 455.)

---

[5] "In *Franklin*, *supra*, 63 Cal.4th 261, the Supreme Court held that when a juvenile offender receives an indeterminate life sentence, the offender must be 'given adequate opportunity at sentencing to make a record of mitigating evidence tied to his youth.'" (*People v. Medrano* (2019) 40 Cal.App.5th 961, 967, quoting *Franklin*, *supra*, at p. 269.)

[6] Code of Civil Procedure section 187 provides: "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

Based on the above, defendant believes "trial courts have discretion to provide youthful offenders with the opportunity to establish a record of relevant youth related mitigating factors for later consideration." He acknowledges that *Franklin* and *Cook* "approached the issue with specific regard to evidence relevant to a future juvenile parole hearing under [] section 3051," but asserts "nothing in the statutes relied on by the court in *Cook* as conferring jurisdiction on trial courts to order supplemental proceedings — Penal Code section 1203.01 and Code of Civil Procedure section 187 — is limited to the collection and preservation of evidence to be used in future youth offender parole hearings."

Recently, in *Crites*, *supra*, 77 Cal.App.5th 494, Division Four of the First District addressed a similar issue as raised by defendant here. In *Crites*, *supra*, 77 Cal.App.5th 494, the defendant, whose judgment for conviction for murder had been final for over 40 years, appealed an order denying his motion to correct information contained in his presentencing probation report. (*Id*. at p. 496.) The trial court denied the defendant's motion, finding ""[t]here is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court."" (*Id*. at p. 497.) The defendant appealed, arguing the trial court had jurisdiction to consider his motion under section 1203.01, subdivision (a) as interpreted by *Cook*, *supra*, 7 Cal.5th 439. (*Crites*, *supra*, at p. 497.) Following an analysis of *Cook*, the Court of Appeal concluded that the trial court has jurisdiction under section 1203.01 to correct the record transmitted to the Department of Corrections. (*Crites*, *supra*, at p.

499.)  The court explained:  "*Cook* does not carve out an exception for youthful offenders but instead relies on the plain language of section 1203.01 in finding authority for the motion.  We see no reason why that holding would not apply in the present situation.  Accordingly, we will reverse the order denying defendant's motion and instruct the court to consider the motion under section 1203.01."  (*Crites*, *supra*, at p. 499.)

The court observed:  "We note, however, that defendant is not entitled to the expanded evidentiary preservation procedures afforded a youthful offender under *Franklin*.  (*Franklin*, *supra*, 63 Cal.4th at p. 284 [At the proceeding, 'the court may receive submissions and, if appropriate, testimony pursuant to procedures set forth in section 1204 and rule 4.437 of the California Rules of Court, and subject to the rules of evidence.  [The defendant] may place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.'].)  Rather, section 1203.01, subdivision (a) merely authorizes '[t]he attorney for the defendant . . . [to] file with the clerk of the court [a] statement of their views respecting the defendant and the crime of which they were convicted.'"  (*Crites*, *supra*, 77 Cal.App.5th at p. 499.)

In this case, we find the trial court did not misunderstand its scope of discretion as it relates to a supplemental *Franklin* hearing pursuant to section 3051.  The Legislature enacted section 3051 in 2013 in response to a series of decisions addressing Eighth

9

Amendment limits on the length of sentences for juvenile offenders (see, e.g., *Miller v. Alabama* (2012) 567 U.S. 460; *Graham v. Florida* (2010) 560 U.S. 48, 75). (Sen. Bill No. 260 (2013-2014 Reg. Sess.), Stats. 2013, ch. 312, §§ 1, 4; *In re Trejo* (2017) 10 Cal.App.5th 972, 980-981; *Franklin*, *supra*, 63 Cal.4th at p. 277.) The statute gives eligible young offenders the opportunity for parole in their 15th, 20th, or 25th year of incarceration depending on the length of sentence they are serving for their "controlling offense" (i.e., the offense for which the longest sentence was imposed). (§ 3051, subds. (b)(1)-(4), (a)(2)(B); see *Franklin*, *supra*, at p. 2777; accord, *People v. Sands* (2021) 70 Cal.App.5th 193, 197-198.) When enacting section 3051, the Legislature recognized "that youthfulness both lessens a juvenile's moral culpability and enhances the prospect that, as a youth matures into an adult and neurological development occurs, these individuals can become contributing members of society." (Stats. 2013, ch. 312, § 1.)

As originally enacted, section 3051 applied only to offenders who were under 18 when they committed their crimes. (Stats. 2013, ch. 312, § 4; *In re Jenson* (2018) 24 Cal.App.5th 266, 277.) The Legislature later extended its operation to offenders who were under 23, and then to those who were under 26, at the time of their crimes. (Stats. 2015, ch. 471, § 1; Stats. 2017, ch. 675, § 1; see *In re Jenson*, *supra*, at p. 277.) These amendments reflected the Legislature's recognition that young adults are not yet fully matured and, thus, have a lower degree of culpability and an increased potential for rehabilitation when compared with fully matured adult offenders. (Assem. Com. on Pub.

10

Safety, Analysis of Assem. Bill No. 1308 (2017-2018 Reg. Sess.), as amended Mar. 30, 2017, p. 2.)

The current version of section 3051 excludes several categories of youth offenders: young adult (but not juvenile) offenders sentenced to LWOP; recidivist offenders sentenced under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12); sex offenders sentenced under the One Strike law (§ 667.61); and offenders "to whom [the statute] would otherwise apply, but who, subsequent to attaining 26 years of age, commit[] an additional crime for which malice aforethought is a necessary element of the crime or for which the individual is sentenced to life in prison." (§ 3051, subd. (h).)

Here, because defendant, who was 20 years old and a young adult at the time he committed the offenses, was sentenced to LWOP, the trial court correctly found that defendant was ineligible for a supplemental hearing pursuant to *Franklin*. (§ 3051, subd. (h).) We disagree with defendant that the trial court misunderstood its discretion on this point. But we agree with defendant that the record shows the court misunderstood its discretion under section 1203.01 as interpreted by our Supreme Court in *Cook*. Accordingly, as explained in *Crites*, *supra*, 77 Cal.App.5th 494, defendant's attorney may file with the clerk of the court "'a statement[] of their views respecting the defendant and the crime of which they were convicted'" pursuant to section 1203.01, subdivision (a). (*Crites*, *supra*, at p. 499.)

11

IV.

DISPOSITION

The trial court's order denying defendant's request for a *Franklin* hearing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
                                                    J.

We concur:

RAMIREZ
           P. J.

McKINSTER
           J.